# AUGUSTA APITZ AND OTHERS v. CITY OF NEW ULM AND OTHERS.[1]

February 19, 1932.

No. 28,748.

*Jesse A. Schunk,* for appellants.

*Albert Pfaender,* City Attorney, for respondents.

LORING, J.

The defendants had judgment in their favor in a suit brought to enjoin the establishment of a boulevard or parkway in the center of Broadway street between Fifth North street and Tenth North street in the city of New Ulm. In 1930 two petitions were presented to the city council for the improvement of Broadway. One of these petitions sought to have a 20-foot boulevard established along the middle of the street. The district covered is in the residence portion of the city, and the establishment of the boulevard in this location is a continuation of a like arrangement on another part of the street. The other petition sought to have the center of the street in this locality paved. The city council adopted the plan of establishing the center boulevard and then proceeded to let the contract for its construction. This action was brought before the contract was let, but no temporary injunction or restraining order was

[1]Reported in 241 N. W. 47.

346

sought or obtained, and there is no question raised here about the legality of any assessment of property.

The appellants attack the legality of the petition which initiated the council's action, and they claim that the establishment of the boulevard unreasonably interferes with their property rights in the street. The petition was apparently drawn under G. S. 1923, § 1815, as amended, 1 Mason, 1927, id. which applies to cities of the fourth class, such as New Ulm, operating under a special law. Broadway is 120 feet wide, and at the point in controversy runs through the residence district. According to the petition here in question and the plans adopted by the city council, a 30-foot roadway for the passage of vehicles is provided on each side of the 20-foot boulevard. The trial court found these facts and that a reservation of the 20-foot center boulevard is reasonable and desirable from the standpoint of safety, especially for pedestrians; that it is convenient for the laying of water and other mains in the street. In this case there is no showing that any assessment was made against abutting property for the construction of the boulevard, and the sole question involved is the legality of its establishment. In the case of McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022, 83 A. S. R. 428, this court expressed its views in regard to the right of a municipality to determine within reasonable limits what part of a street in a residence district shall be set apart for a roadway, what for sidewalk, and what for boulevards.

The city of New Ulm was created by a special act of the legislature, approved February 24, 1876. It was given general control over its streets by that act. Under the general powers thereby vested in it, it has, in our opinion, the right under the circumstances shown in this case and found by the trial court to establish a center boulevard in the place described in the petition regardless of the validity of that petition under the law which the petition sought to invoke.

Judgment affirmed.